**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, §<br>    Plaintiff §<br> §<br>    v. §<br> §<br>**REAL PROPERTY KNOWN AS** §<br>**Lot 10, of Taylor Terrace Subdivision an** §<br>**Addition to the City of McAllen, Texas, Hidalgo** §<br>**County, Texas, according to the Plat or Map** §<br>**Thereof recorded in Volume 41, Page 153, Map** §<br>**Records of Hidalgo County, Texas; also known** §<br>**as, 5100 Jasmine Avenue, McAllen, Texas** §<br>    Defendant §| CIVIL CASE NO. 5:19-cv-00026 |

**VERIFIED COMPLAINT FOR FOREITURE IN REM**

The United States of America, Plaintiff, by and through its United States Attorney for the Southern District of Texas, files this action for forfeiture against the above described real property and improvements. In support of this forfeiture action, the United States alleges on information and belief the following:

**STATUTORY AUTHORITY FOR FORFEITURE**

1.      This is a civil forfeiture action *in rem* brought under: (a) 18 U.S.C. § 981(a)(1)(A) which provides for the forfeiture of real property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960 or any property traceable to such property. This civil forfeiture action *in rem* is also brought under 21 U.S.C. § 881(a)(6) which provides for the forfeiture of all proceeds traceable to an exchange for a controlled substance or listed chemical in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1355, 1391 and 1395.

## DEFENDANT PROPERTY

4. The real property subject of this forfeiture action is located at 5100 Jasmine Avenue, McAllen, TX with all appurtenances, improvements, and attachments thereon, and legally described as:

> Lot 10, of Taylor Terrace Subdivision an Addition to the City of McAllen, Texas, Hidalgo County, Texas, according to the Plat or Map thereof recorded in Volume 41, Page 153, Map Records of Hidalgo County, Texas;

and hereafter referred to as the "Defendant Real Property."

5. The record owner of the Defendant Real Property are David Reyes and Alyssa Mejia.

6. The Defendant Real Property is located within the Southern District of Texas and within the jurisdiction of the Court.

## FACTUAL BASIS FOR FORFEITURE

7. On June 14, 2017, Alfredo Mejia (Mejia) was arrested in Hidalgo County, Texas by Hidalgo County Texas law enforcement officers working with the High Intensity Drug Trafficking Area (HIDTA) and charged with possession with intent to distribute approximately 3,051 pounds of marijuana, a violation of 18 U.S.C. § 841(a).

8. On November 7, 2018, Mejia was indicted by a federal grand jury sitting in the McAllen Division of the Southern District of Texas in case number 7:18-cr-1835. He was charged in Count One with conspiracy to possess with intent to distribute 1000 kilograms or more

marijuana, a Schedule I controlled substance and in Count Two, with possession with intent to distribute 1000 kilograms or more of marijuana, a Schedule I controlled substance, violations of 21 U.S.C. §§ 846 and 841(a)(1).

9. On January 4, 2019, Mejia plead guilty to Count One of the indictment before the Honorable Micaela Alvarez. During the plea colloquy, Mejia admitted that his role in the conspiracy was to transport large quantities of marijuana from the McAllen, Texas area in commercial tractor trailers. Following his guilty plea, on January 9, 2019, Mejia spoke with law enforcement agents and further clarified his role in the drug trafficking conspiracy. He stated that he transported between ten to fifteen loads of marijuana from the McAllen, Texas area to Houston, Texas, and was paid approximately $20,000 per trip.

10. When questioned by agents regarding how Mejia spent his narcotic trafficking proceeds Mejia stated that in approximately August 2016, he entered into an agreement with Tomas Tudor (Tudor), owner of Dura Construction, to purchase the Defendant Real Property for $199,000.00. Mejia stated that he made an initial down payment of $15,000 and multiple payments thereafter that totaled $25,000. The payments were made with drug trafficking proceeds. Mejia was also credited with $15,000 by the drug trafficking organization for future transportation of marijuana loads to Houston. Until his arrest, Mejia resided in the house. After his arrest in June 2017 by state law enforcement agents, Mejia advised Tudor that he was no longer able to make payments toward the purchase of Defendant Real Property but that his son-in-law, David Andrew Reyes, would continue making his payments. While on bond for state charges, Mejia fled to Mexico, but was aware that David Andrew Reyes made an additional $40,000 payment toward the purchase agreement.

11. On or about August 10, 2017, David Andrew Reyes and his wife moved into the Defendant Real Property. A written purchase agreement for the Defendant Real Property was entered between Tudor and David Andrew Reyes and his wife that same day. The Defendant Real Property was financed for $106,000, which was the approximate balance due on the original contract between Tudor and Mejia. The purchase of the Defendant Real Property was intended to assist in the laundering of drug trafficking proceeds by concealment of the cash funds paid by Mejia to Tudor and through subsequent transfer of Defendant Real Property to Mejia's son through a title company and finance agreement.

## NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Real Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claims must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following:

1. That notice of forfeiture issue according to the normal procedure of the Court citing all persons having an interest in the Defendant Real Property to appear on the return day of said process and make such Claim and Answer as they may have;

2. That a Judgment of Forfeiture be decreed against the Defendant Real Property;

3. That, following a Judgment of Forfeiture, the Defendant Real Property be disposed of according to law; and

4. For costs of this action, including costs of seizure and for such additional relief to which Plaintiff may be entitled.

                                                Respectfully submitted,
                                                RYAN K. PATRICK
                                                UNITED STATES ATTORNEY

BY:        */s/ Mary Ellen Smyth*
            Mary Ellen Smyth, Assistant U.S. Attorney
            Tex. Bar. No. 18779100
            Southern District Adm. 31348
            U. S. Attorney's Office
            11204 McPherson Road, Suite 100A
            Laredo, Texas 78045
            (956)723-6523
            Email: Mary.Ellen.Smyth@usdoj.gov

## VERIFICATION

I, Michael Schmidtke, Special Agent with the Federal Bureau of Investigation (FBI), declare under penalty of perjury that I am one of the agents responsible for the investigation concerning this litigation. I have read the above Complaint for Forfeiture in Rem. Based upon the investigation conducted by myself and other agents of the FBI and United States Marshal Service, the information contained in the Complaint for Forfeiture is true and correct to the best of my knowledge and belief.

Michael Schmidtke
Special Agent, FBI

Sworn and subscribed before me, the undersigned authority, on this 11th day of February 2019.

Notary Public in and for the State of Texas

My commission expires:

BERTHA CAVAZOS
My Notary ID # 8503363
Expires October 23, 2021